RECEIPT # 4042104
AMOUNT $ 150.‾
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM
MCF ISSUED ✓
BY DPTY. CLK. _____
DATE 2-10-04

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL SECTION

FILED
IN CLERKS OFFICE

2004 FEB 10  P 12: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| GAIL SHAW, <br>       Plaintiff, <br><br> V. <br><br> AETNA LIFE INSURANCE COMPANY, <br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

CIVIL ACTION NO.

**04 - 40020** _____

## COMPLAINT

### I.    INTRODUCTION

This action involves the Defendant, Aetna Life Insurance Company's ("Aetna's") wrongful denial of long term disability benefits to the Plaintiff, Gail Shaw ("Ms. Shaw") under an employee benefit plan of Verizon, formerly Bell Atlantic and NYNEX, while Aetna was the plan administrator of said plan. This action is brought pursuant to 29 U.S.C. § 1132 and is governed by the Employee Retirement and Security Income Act of 1974 ("ERISA"), as amended, and set forth at 29 U.S.C. § 1001 et seq.

### II.    PARTIES

1.    The Plaintiff, Ms. Shaw is an individual residing at 184 Popple Camp Road, Petersham, MA  01366

2.    The Defendant, Aetna is an insurance corporation, organized under the laws of Connecticut, with a usual address at 151 Farmington Avenue, Hartford, CT 06156-2970, doing business in Massachusetts, and was the plan administrator of the long term disability plan of

Verizon for employees located in Massachusetts at all relevant times of the allegations of this complaint.

### III.    JURISDICTION

3.    This court has jurisdiction of this action because it involves a federal question under the Employee Retirement and Security Income Act of 1974 (ERISA), as amended, and set forth at 29 U.S.C. § 1132 (e) and (f).  Jurisdiction is, therefore, conferred on this court by 28 U.S.C. § 1331.

4.    Venue is appropriate in this court because Ms. Shaw is a resident of Worcester County, Massachusetts and the acts complained of including the breach of the terms of the long term disability plan and the administration of the plan occurred in Worcester County, Massachusetts.

### IV.    ALLEGATONS

5.    Ms. Shaw was employed by Verizon, formerly Bell Atlantic and NYNEX for about thirteen (13) years when she became unable to work on or about November 2, 1999 due to fibromyalgia.

6.    Initially, Ms. Shaw received short-term disability benefits from November 2, 1999 through November 6, 2000 under Bell Atlantic's Sickness and Accident Disability Plan for Non-Management Employees.

7.    Verizon notified Ms. Shaw that she was terminated as of November 7, 2000 and also informed her that she was eligible to apply for long-term disability benefits under the NYNEX Long Term Disability Plan for Non-Salaried Employees (the "Plan") when her short-term disability benefits were exhausted.  At that time, Aetna was the administrator of the Plan.

8.    At the time of her separation from Verizon, Ms. Shaw was a directory assistance operator, and a member of the union.

9.    Ms. Shaw made an application under the Plan and Aetna approved her claim for long-term disability benefits in or about October 2000. In addition, Aetna advised Ms. Shaw that she would probably qualify for Social Security Disability Income ("SSDI") and urged her to apply for those benefits. Aetna referred her file to Allsup, Inc., a company that provides representation for Social Security claims.

10.    Ms. Shaw's claim for SSDI was also approved by the Social Security Administration on March 16, 2001. As a result of the approval of her SSDI claim, Aetna reduced her monthly benefits under the "Plan" by offsetting her monthly SSDI from payments made under the Plan. Aetna also received reimbursement of $5,060.50 for long-term disability benefits provided under the Plan for which she also retroactively received SSDI once her claim was approved.

11.    Thereafter, beginning on May 2, 2002, Aetna arbitrarily and capriciously denied Ms. Shaw any further long-term disability benefits under the Plan.

12.    At all relevant times from Aetna's approval of her claim until the present time and for the indefinite future Ms. Shaw has continued to be and will continue to be totally disabled as a result of fibromyalgia and any other medical conditions associated therewith or in combination therewith.

13.    On May 23, 2002, Ms. Shaw appealed Aetna's wrongful denial of long-term disability benefits under the Plan. In a letter received on October 15, 2002, Aetna sustained its original denial of benefits. In that letter, Aetna advised Ms. Shaw, without providing the

3

limitations period, she could sue under "Section 502(a) of ERISA." Ms. Shaw exhausted all of her administrative remedies.

14.     On September 21, 2001 and again on May 23, 2002, Ms. Shaw, through her legal counsel requested, in writing, a copy of the summary plan description of the Plan from Aetna. To date, neither Ms. Shaw nor her legal counsel has received a copy of the summary plan description of the Plan in accordance with those requests and the law of ERISA.

## COUNT I – 29 U.S.C. § 1132 (a)

15.     Plaintiff realleges and repeats the allegations contained in paragraphs 1 through 14 above.

16.     Aetna arbitrarily, capriciously and wrongfully denied Ms. Shaw long-term disability benefits under the Plan from May 2, 2002 and continuing, and is liable to pay her all such benefits wrongfully denied.

## COUNT II – 29 U.S.C. § 1132 (c)

17.     Plaintiff realleges and repeats the allegations contained in paragraphs 1 through 16 above.

18.     Aetna has failed to provide Ms. Shaw the summary plan description of said Plan from September 21, 2001 and continuing, and is liable to pay her at the rate of $100.00 per day for its failure or refusal to provide the summary plan description to Ms. Shaw or her legal counsel.

## V.     RELIEF REQUESTED

WHEREFORE, the Plaintiff requests the Court issue a declaratory judgment that she is entitled to long-term disability benefits under the Plan; that the Court determined the nature and the amount of the benefits wrongfully denied the Plaintiff; that the Court order the Defendant to

provide a copy of the summary plan description to the Plaintiff or her legal counsel; and that the

Court enter an order for damages for Aetna's refusal or failure to provide said summary plan

description; that the Court enter judgment in favor of the Plaintiff and award her interest and

attorneys' fees on all damages she is awarded and such other relief as the Court deems just and

fair.


**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**


GAIL SHAW,
The Plaintiff,
By her attorneys,

Marcia L. Elliott, Esq. (BBO# 564291)
John M. Flick, Esq. (BBO# 652169)
Elliott Law Office, P.C.
307 Central Street
Gardner, MA  01440
(978) 632-7948

Dated: February 9 , 2004

**04-40020**

JS 44 (Rev. 3/99)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Gail Shaw | FILED IN CLERKS OFFICE Aetna Life Insurance Company |

| (b) County of Residence of First Listed Plaintiff  Worcester (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed  2004 FEB 10  P 12: 41 (IN U.S. PLAINTIFF CASES ONLY) NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. DISTRICT COURT DISTRICT OF MASS. |
|---|---|

| (c) Attorney's (Firm Name, Address, and Telephone Number) Marcia L. Elliott Elliott Law Office, P.C. 307 Central Street, Gardner, MA | Attorneys (If Known) |
|---|---|

### II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
|  |  |  | **LABOR** | **SOCIAL SECURITY** |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405 (g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition |  |  |

### V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This action involves the wrongful denial of long-term disability benefits and is governed by the Employee Retirement & Security Act of 1974 (ERISA).

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ unspecified | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes  ☐ No |
|---|---|---|---|

### VIII. RELATED CASE(S)
IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE  2-9-2004

SIGNATURE OF ATTORNEY OF RECORD  *Marcia L. Elliott*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)_____

    Gail Shaw v. Aetna Life Insurance Company

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

    local rule 40.1(a)(1)).

    ☐   I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☑   II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☐   III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ☐   IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.      150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    None.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES ☐    NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                                                    YES ☐    NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES ☐    NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES ☐    NO ☐

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                                    YES ☐    NO ☑

    A.      If yes, in which division do all of the non-governmental parties reside?

            Eastern Division ☐          Central Division ☐          Western Division ☐

    B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
            agencies, residing in Massachusetts reside?

            Eastern Division ☐          Central Division ☑          Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
    yes, submit a separate sheet identifying the motions)

                                                                    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Marcia L. Elliott

ADDRESS  Elliott Law Office, P.C., 307 Central Street, Gardner, MA  01440

TELEPHONE NO.  (978) 632-7948

(Coversheetlocal.wpd - 10/17/02)