UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAIL SHAW, | CIVIL ACTION NO.  04-40020 NMG |
| Plaintiff, | |
| v. | |
| AETNA LIFE INSURANCE COMPANY, | |
| Defendant. | |

## ANSWER

## I.    INTRODUCTION

As to the introductory paragraph, defendant Aetna Life Insurance Company ("Aetna") denies that it was the plan administrator of the Verizon, Bell Atlantic and/or NYNEX employee benefit plan (the "Plan").  Aetna further denies that the plaintiff was wrongfully denied benefits. The remaining allegations of the introductory paragraph are admitted.

## II.    PARTIES

1.    As to paragraph 1, Aetna has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiff to her proof.

2.    As to paragraph 2, Aetna admits that it is an insurance corporation organized under the laws of Connecticut and located at 151 Farmington Avenue, Hartford, CT 06156. Aetna further admits that it does business in Massachusetts.  Except as expressly admitted, paragraph 2 is denied.

## III.    JURISDICTION

3.    Paragraph 3 is admitted.

4.      As to paragraph 4, Aetna admits that venue is proper in this Court.  As to the remaining allegations of paragraph 4, Aetna has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiff to her proof.

## IV.      ALLEGATIONS

5.      As to paragraph 5, Aetna admits that the plaintiff was an employee of Verizon, Bell Atlantic or NYNEX.  As to the remaining allegations of paragraph 5, Aetna has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiff to her proof.

6.      As to Paragraph 6, Aetna admits that the plaintiff received benefits under the New England Telephone and Telegraph Sickness and Accident Disability Benefit Plan.  The remainder of Paragraph 6 is denied.

7.      As to paragraph 7, Aetna denies that it was the administrator of the Plan.  As to the remaining allegations of paragraph 7, Aetna has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiff to her proof.

8.      As to paragraph 8, Aetna admits that plaintiff was employed as an operator for Verizon prior to her separation.  As to the remaining allegations of paragraph 8, Aetna has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiff to her proof.

9.      As to the allegations of paragraph 9, Aetna admits that plaintiff applied for benefits under the Plan.  Aetna further admits that plaintiff received benefits under the Plan from approximately October 2000 until the termination of such benefits, and that Aetna referred the plaintiff to Allsup, Inc.  As to the remaining allegations of paragraph 9, Aetna has insufficient

knowledge or information upon which to form a belief and, therefore, leaves plaintiff to her proof.

10. As to the allegations of paragraph 10, Aetna admits that it learned on or about April 10, 2001 that Ms. Shaw's claim for SSDI benefits had been approved by the Social Security Administration. The remaining allegations of paragraph 10 are admitted.

11. Paragraph 11 is denied.

12. As to the allegations of paragraph 12, Aetna denies that plaintiff was totally disabled as that phrase is defined by the Plan at all relevant times, beginning on or before the date of the termination of her benefits. As to the remaining allegations of paragraph 12, Aetna has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiff to her proof.

13. As to paragraph 13, plaintiff admits that Ms. Shaw appealed Aetna's denial of benefits on May 23, 2002. Aetna further admits that it sustained its denial of benefits by letter dated October 10, 2002, which letter advised plaintiff that she could sue under Section 502(a) of ERISA." Aetna further admits that Ms. Shaw exhausted her administrative remedies. Except as expressly admitted, paragraph 13 is denied.

14. Paragraph 14 is denied to the extent that it purports to summarize ERISA law. The remaining allegations of paragraph 14 are admitted.

## COUNT I

15. Aetna's responses to Paragraphs 1 through 14 are hereby incorporated by reference and made its responses to Paragraphs 1 through 14 of Count I as if fully set forth herein.

16. Paragraph 16 is denied.

## COUNT II

17.     Aetna's responses to Paragraphs 1 through 16 are hereby incorporated by reference and made its responses to Paragraphs 1 through 16 of Count II as if fully set forth herein.

18.     Paragraph 18 is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

If plaintiff is entitled to payment of any benefits, any such payment must be reduced or offset by any other income which plaintiff receives or is eligible to receive.

### Second Affirmative Defense

The allegations of Count II of the Complaint fail to state a claim for which relief may be granted.

Respectfully submitted,
**AETNA LIFE INSURANCE COMPANY**

By its attorneys,

/s/ James H. Rotondo
James H. Rotondo (BBO # 645651)
DAY, BERRY & HOWARD LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3499
(860) 275-0100

Dated:  April 19, 2004

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this **19th** day of **April, 2004**, I served a true and correct copy of the foregoing via first class mail, postage prepaid, upon Plaintiff's counsel, Marcia L. Elliott, Esq., 307 Central Street, Gardner, MA 01440.

<u>/s/ James H. Rotondo</u>
James H. Rotondo